IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROY LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3187 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NSP MEDICAL SERVICES Unit, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on the following pending motions: (1) filing no. 39, the Motion for Leave to File Response to Defendants' Answer filed by the plaintiff, Roy Lee Williams; (2) filing no. 40, the plaintiff's Motion for Appointment of Counsel; (3) filing no. 42, a letter from the plaintiff which has been docketed as a Motion for Copies and Time; and (4) filing no. 44, the plaintiff's Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment. As discussed below, filing nos. 39, 42 and 44 are granted, and filing no. 40 is denied, at least for the present.

    The plaintiff is a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), who asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. The plaintiff alleges policies and practices of deficient medical treatment, in violation of the Eighth Amendment to the United States Constitution. The defendants are two physicians who provide medical care to inmates at the Nebraska State Penitentiary ("NSP"). The plaintiff has also named the "NSP Medical Services Unit" as a defendant, but the court has liberally construed that defendant as the State of Nebraska, acting through DCS, an agency of the State.

    Fed. R. Civ. P. 7(a) permits the court to order a Reply to an Answer. In filing no. 39, the plaintiff requests leave to file such a pleading. A Reply is not required, and the plaintiff may change his mind. However, if the plaintiff still wishes to file one, he shall have until November 27, 2006 to file a Reply to the Answer.

    In filing no. 42, the plaintiff informs the court that he has served a request for production of documents on the defendants, and he submits a general request for additional time if he should need some. The request is granted in general terms. However, the plaintiff is advised that the best practice is to file a specific request for an extension of a particular deadline before the deadline expires. For example, the plaintiff may wish to request an extension of one or more of the deadlines established in the Order Setting Schedule for Progression of a Civil Case issued in September of 2006. It is important to file a written motion requesting such extension(s) before the deadlines have

passed. At any rate, extensions of time are liberally granted, especially to all parties in a case in which any party is proceeding pro se.

In filing no. 44, the plaintiff seeks an enlargement of time to respond to the defendant's Motion for Summary Judgment. The plaintiff may have additional time, including far more than he presently requests, especially in light of his severely limited access to the law library at his institution. Therefore, the plaintiff shall have 60 days from the date of this Order to respond to the defendants' Motion , unless the plaintiff files a timely motion for an additional extension before that 60-day deadline expires.

Unlike criminal prosecutions, the court cannot routinely appoint counsel in civil cases. In this litigation, as in Phillips v. Jasper County Jail, 437 F.3d 791, 793 (8th Cir. 2006), the record has not been sufficiently developed to determine whether appointment of counsel is justified. "There is no constitutional or statutory right to appointed counsel in civil cases .... Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel. Id. at 794 (emphasis in original, citations omitted). In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court explained: "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." (Citations omitted.) At this time, I find that appointment of an attorney would be premature. The plaintiff should be capable of presenting his claims and at least beginning discovery. In addition, he has made no record of attempts to obtain counsel, e.g., on a contingent fee basis.

THEREFORE, IT IS ORDERED:

1.  That filing nos. 39, 42 and 44 are granted;

2.  That filing no. 40 is denied, for the present.

DATED this 31st day of October, 2006.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge