IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROY LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3187 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NSP MEDICAL SERVICES Unit, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Filing No. 36, the defendants' Motion for Summary Judgment. The plaintiff, Roy Lee Williams, filed this action as a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserting federal civil rights claims pursuant to 42 U.S.C. § 1983. The plaintiff complains of deficient medical treatment, in violation of the Eighth Amendment to the United States Constitution, and he seeks relief from two physicians who provide medical care to inmates at the Nebraska State Penitentiary ("NSP"). The plaintiff has also named the "NSP Medical Services Unit" as a defendant, but the court has liberally construed that defendant as the State of Nebraska, acting through DCS, an agency of the State.

The defendants move for summary judgment on the basis of 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"), which requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The plaintiff sought an enlargement of time to respond to the defendants' Motion for Summary Judgment, and the court granted the requested extension (Filing Nos. 44, 45). However, the plaintiff has never responded to the summary judgment motion. As a result, the evidence submitted by the defendants in support of their motion remains uncontroverted.[1]

The defendants have demonstrated that DCS maintains a grievance procedure of which the plaintiff, as an inmate in DCS custody had notice. The grievance procedure requires (a) an informal grievance, (b) a "Step One" grievance, and (c) a "Step Two" (or appeal) grievance. The plaintiff did not file a Step Two grievance, which is supposed to precede resort to the courts.

"Among other reforms, the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(a)." Jones v. Bock, 127 S.Ct. 910, 914 (2007). "The PLRA strengthened [the] exhaustion provision in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory .... Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed ... a prisoner must now exhaust administrative remedies even where the relief sought-- monetary damages--cannot be granted by the administrative process .... Finally,

---

[1] The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In response, the opponent must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original).

exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (2006) (citations omitted).

The Eighth Circuit Court of Appeals has "only excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures, see Miller v. Norris, 247 F.3d 736 (8th Cir. 2001), or when officials themselves have failed to comply with the grievance procedures. See Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001). An inmate's subjective belief that the procedures were not applicable to medical grievances 'does not matter' and is not determinative. Lyon v. Vande Krol, 305 F.3d 806, 809 (8th Cir. 2002)." Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). No such excuse has been raised in this case.

THEREFORE, IT IS ORDERED:

1. That Filing No. 36, the defendants' Motion for Summary Judgment, is granted; and

2. That judgment will be entered dismissing the plaintiff's complaint and this action without prejudice.[2]

DATED this 20th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[2] A dismissal pursuant to 42 U.S.C. § 1997e(a) is without prejudice. Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000).

3